UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ANDREW L. BARNETT,

      Plaintiff,

v.

LINCOLN COUNTY JAIL; DEPUTY LEWIS; CPL. MILLER; CPL. HERNANDEZ; SGT. JONES; SGT. GAINER; SGT. MCDOWELL; LT. RUSSELL; NURSE VIOLA; and SHERIFF CURTIS LANDERS,

      Defendant.

Case No. 6:21-cv-00801-MC

ORDER

MCSHANE, District Judge:

Plaintiff, an inmate at the Lincoln County Jail proceeding pro se and in forma pauperis, files this civil rights action under 42 U.S.C. § 1983 and alleges violations of his rights under the Fourteenth Amendment. *See Pierce v. Cty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008) (explaining that, under the Fourteenth Amendment's Due Process Clause, pretrial detainees have a right against jail conditions that "amount to punishment"). Two of plaintiff's claims fail to state viable claims for relief, and plaintiff is allowed the opportunity to amend his Complaint.

Federal law authorizes federal courts to review cases filed in forma pauperis to determine if a claim is "frivolous or malicious" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

In Claim 1, plaintiff alleges that Cpl. Miller committed "sexual abuse" by commenting and staring at petitioner "with a ravenous look" while petitioner was masturbating in his bunk. Compl. at 3. "[V]erbal harassment generally does not" constitute deliberate indifference under the Fourteenth Amendment, and these allegations do not state a claim under § 1983. *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996); *see also Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) (explaining that Eighth Amendment's protections do not extend to "verbal sexual harassment").

In Claim 2, plaintiff alleges that Deputy Lewis assaulted him without warning and used excessive force against him as he spoke to his wife on the telephone. Compl. at 3. Plaintiff further alleges that Cpl. Miller failed to intervene and stop the assault once he arrived at the scene. Plaintiff also claims that Cpl. Hernandez, the "tactics team leader," was responsible for training Deputy Lewis and Cpl. Miller, and that Lt. Russel, Sgt. McDowell, Sgt. Jones, Sgt. Gainer, and Sheriff Landers failed to protect plaintiff from assault. *Id.* at 4.

I find that plaintiff sufficiently alleges claims of excessive force against Deputy Lewis. *See Castro v. County of L.A.*, 833 F.3d 1060, 1069-71 (9th Cir. 2016) (en banc). However, plaintiff does not allege that Cpl. Miller personally participated in the alleged use of force. Similarly, plaintiff does not allege sufficient facts to suggest that Lt. Russel, Sgt. McDowell, Sgt. Jones, Sgt. Gainer or Sheriff Landers knew or should have known that plaintiff was at risk of assault by Deputy Lewis. Plaintiff is advised that liability under § 1983 arises upon a showing of personal participation by each defendant, and a supervisor – such as the jail commander or sheriff – is not liable for the constitutional violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff must allege that each named defendant, through his or her own individual actions, violated plaintiff's constitutional rights.

In Claim 3, plaintiff alleges that he was denied medical care by Cpl. Miller for two hours after the alleged assault, and that Nurse Viola declared plaintiff was "fine" after examining him. Claims brought by pretrial detainees alleging inadequate care are evaluated pursuant to an objective deliberate indifference standard. *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). Plaintiff must allege facts suggesting:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved…; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125.

The two-hour delay in obtaining treatment, as alleged by plaintiff, does not rise to the level of deliberate indifference. A delay in providing medical care must have led to "significant harm" to sustain a claim of deliberate indifference. *Hallett v. Morgan*, 296 F.3d 732, 746 (9th

Cir. 2002). Further, plaintiff does not allege how Nurse Viola's conduct placed him at substantial risk of serious harm or allege the measures she should have taken. Plaintiff's allegations imply negligence rather than deliberate indifference, and the lack of due care does not rise to the level of a constitutional deprivation. *Gordon*, 888 F.3d at 1125. Plaintiff also alleges that, subsequent to his examination by Nurse Viola, he complained of severe pain for three days before he was seen by a physician. Plaintiff does not identify who denied him medical care for three days, and, as stated above, a delay in providing an inmate with medical treatment, without more, does not amount to a constitutional violation.

In Claim 4, plaintiff alleges that Deputy Lewis and Cpl. Miller violated his rights to due process by imposing a punitive cell "lockdown" for seven days without a disciplinary hearing. Generally, pretrial detainees may not be subjected to disciplinary segregation without a due process hearing. *Mitchell v. Dupnik*, 75 F.3d 517, 524 (9th Cir. 1996); *see also Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1160-61 (9th Cir. 2003). Construing all inferences in plaintiff's favor, I find that plaintiff sufficiently alleges a due process claim.

In sum, Claims 1 and 3 fail to state viable claims for relief, and Claims 2 and 4 sufficiently allege claims of excessive force and procedural due process violations against Deputy Lewis and Cpl. Miller.

Plaintiff is afforded the opportunity to amend his Complaint. His amended complaint should include the facts supporting his claims of excessive force and the denial of due process. For each additional claim, plaintiff must indicate: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual caused the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct.

## CONCLUSION

Claims 1 and 3 alleging Sexual Abuse and the Denial of Medical Care are DISMISSED. Plaintiff's claims against defendants Hernandez, Jones, Gainer, McDowell, Russell, Nurse Viola, and Sheriff Landers are DISMISSED and these defendants are terminated from this action.

Within 30 days from the date of this Order, plaintiff may submit an amended complaint as directed above. If plaintiff fails to do so, this action will proceed on Claims 2 and 4 alleging Misuse of Force and Denial of Due Process against Deputy Lewis and Cpl. Miller.

IT IS SO ORDERED.

DATED this 2nd day of July, 2021.

s/ Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge