UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ANDREW L. BARNETT,                                    Case No. 6:21-cv-00801-MC

              Plaintiff,                                    ORDER

       v.

LINCOLN COUNTY JAIL; DEPUTY
LEWIS; CPL. MILLER,

             Defendants.
_____

MCSHANE, District Judge.

      Plaintiff, a pretrial detainee at the Lincoln County Jail proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 alleging due process violations and claims of excessive force. He seeks preliminary injunctive relief on grounds that defendants have placed him in disciplinary segregation "for weeks" at a time without affording him a due process hearing. He further alleges that defendants refused to provide adequate medical treatment after his assault by a deputy. *See* Pl.'s Mots. for TRO/PI and Prelim. Inj. (ECF Nos. 13, 15).

Because defendants failed to provide any procedural recourse for a pretrial detainee who is placed in disciplinary segregation, plaintiff raises serious questions going to the merits of his due process claim. His Motion for Preliminary Injunction is GRANTED, in part.

<u>DISCUSSION</u>

To obtain preliminary injunctive relief, plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1135 (9th Cir. 2011).

In a previous Order, this Court found that plaintiff alleged sufficient facts to state claims of excessive force and due process violations arising from plaintiff's alleged assault by a deputy and his confinement in disciplinary segregation. *See* Order dated July 2, 2021 at 2-4 (ECF No. 7). In support of his request for preliminary injunctive relief, plaintiff alleges that jail staff continue to "assault" him and refuse to provide diagnostic testing and pain medication recommended by a physician. Pl.'s Mot. for TRO/PI at 1-2 (ECF No. 13). Plaintiff also alleges that he has been subjected to additional disciplinary segregation and other sanctions without receiving due process protections. Pl.'s Mot. for Prelim. Inj. at 1-2 (ECF No. 15). Plaintiff requests that this Court issue an order enjoining defendants from "beating" on him, requiring defendants to provide diagnostic services and pain medication, and releasing plaintiff from "unconstitutional confinement." Pl.'s Mot. for TRO/PI at 3; Pl.'s Mot. for Prelim. Inj. at 3.

Defendants argue that plaintiff fails to present any evidence establishing his entitlement to injunctive relief. I agree with respect to plaintiff's requests arising from the alleged use of force and denial of medical care. Defendants present evidence disputing plaintiff's allegations of assault, *see* Lewis Decl. (ECF No. 32), and plaintiff fails to dispute this evidence or establish the likelihood of success on his excessive force claim. Further, this Court dismissed plaintiff's claim of inadequate medical care and plaintiff chose not to amend his complaint to replead this claim. *See* Order dated July 2, 2021; Pl.'s Mot. to Withdraw Claims (ECF No. 8). Finally, while plaintiff alleges that defendants refuse to provide recommended diagnostic testing and pain medication, he fails to allege specific facts or submit evidence showing defendants' deliberate indifference toward a substantial risk to plaintiff's health. *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018).

However, plaintiff's corroborated allegations of punitive segregation raise serious questions about the merits of his due process claim.

Plaintiff alleges that he has been placed in disciplinary segregation or "lockdown" for up to thirty days without a hearing or other due process protections. Plaintiff claims that while in segregation, he is confined in his cell for all but thirty minutes of each day and has no access to the law library, his "legal papers," or the recreation yard. *See* Pl.'s Mot. for Prelim. Inj. at 1-2. Defendants' response confirms that Lincoln County Jail officials have sanctioned plaintiff with disciplinary segregation for violating jail rules and disobeying orders. *See* Defs.' Response at 9-10 (ECF No. 29) (describing plaintiff's rule violations and resulting sanctions); Gainer Decl. Ex. 3 (ECF No. 31-3).

To invoke the procedural protections of the Due Process Clause, plaintiff must establish that a protected liberty interest "is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

Citing *Sandin v Conner*, 515 U.S. 472 (1995), defendants argue that confinement in disciplinary segregation is not an "atypical and significant hardship" giving rise to a protected liberty interest and plaintiff therefore "does not have a blanket entitlement to a disciplinary hearing." Defs.' Response at 8; *see also Sandin*, 515 U.S. at 486 (holding that a convicted prisoner's "discipline in segregated confinement did not present the type of atypical, significant deprivation" that implicates due process protections). Defendants' argument is patently incorrect.

In *Sandin,* the Supreme Court explained that a *convicted prisoner* generally does not possess a protected liberty interest in freedom from the conditions of confinement unless the state's policies confer such an interest and the alleged conditions impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484-85. In that context, the Supreme Court held that "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters *of the sentence imposed by a court of law*" and, for that reason, did not afford the prisoner "a protected interest that would entitle him to the procedural protections" of the Due Process Clause. *Id.* at 485 (emphasis added), 487.

Here, plaintiff is not a convicted prisoner sentenced by a court of law; he is a pretrial detainee. It has long been established in the Ninth Circuit that *Sandin*'s "atypical and significant hardship" test applies only to convicted prisoners and not to pretrial detainees. *See, e.g., Valdez v. Rosenbaum*, 302 F.3d 1039, 1044 n. 3 (9th Cir. 2002) (recognizing that "*Sandin's* reasoning applied particularly to *convicted* prisoners, however, whose incarceration 'serves different aims' than pre-trial detainees"); *Carlo v. City of Chino,* 105 F.3d 493, 498 (9th Cir. 1997) (noting that "*Sandin* arose in the context of disciplinary segregation of a convicted prisoner"); *Mitchell v. Dupnik*, 75 F.3d 517, 524 (9th Cir. 1996) (stating "*Sandin* thus recognizes that its rationale

regarding incarcerated prisoners is not applicable to pretrial detainees").[1] Defendants' citation to cases from this District and the Ninth Circuit are similarly inapplicable because they, too, involve convicted prisoners rather than pretrial detainees. *See* Defs.' Response at 8-9 (citing *Brown v. Or. Dep't of Corr.*, 751 F.3d 983, 988 (9th Cir. 2014) and *Lefleur v. Nooth*, 2:12-cv-00637-SI, 2014 WL 1236138, at *4-5 (D. Or. 2014)).

Unlike convicted prisoners, pretrial detainees have a "due process right against restrictions that amount to punishment." *Valdez*, 302 F.3d at 1045; *see also United States v. Salerno*, 481 U.S. 739, 746-47 (1987); *Bell v. Wolfish*, 441 U.S. 520, 535-37 (1979) (recognizing a "detainee's right to be free from punishment" and finding that the government may subject a pretrial detainee "to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution"). In particular, pretrial detainees have a liberty interest in "freedom from disciplinary confinement," *Mitchell*, 75 F.3d at 525, and are entitled to due process hearings before being punished or "restrained for reasons other than to assure their appearance at trial." *Id.* at 524; *Stevenson v. Jones*, 254 F. Supp. 3d 1080, 1092-93 (N.D. Cal. 2017) (stating that "[d]isciplinary segregation as punishment for violation of jail rules and regulations cannot be imposed without due process") (citing *Mitchell*, 75 F.3d at 523-26); *see also Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002) (holding that a "pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less"). Consequently, pretrial detainees "may be subjected to disciplinary segregation only

---

[1] Defendants' failure to employ the correct standard is even more striking given the Court's citation to *Mitchell* when finding plaintiff stated a viable due process claim. *See* Order dated July 2, 2021 at 4 (ECF No. 7).

with a due process hearing to determine whether they have in fact violated any rule." *Mitchell*, 75 F.3d at 524.

Defendants nonetheless emphasize that plaintiff often received minor sanctions for his rule violations and, even while in disciplinary segregation, was allowed to leave his cell for at least thirty minutes each day to access the dayroom, recreation yard, telephone, and legal resources via the jail kiosk. Gainer Decl. ¶¶ 4, 9-10 (ECF No. 31). Granted, not every inconvenience or restriction "during pretrial detention amounts to 'punishment'" and "a *de minimis* level of imposition" will not invoke due process protections. *Bell,* 441 U.S. at 537, 539 n. 21; *see also Demery v. Arpaio*, 378 F.3d 1020, 1030 (9th Cir. 2004) (recognizing that not every restriction rises to the level of "punishment"). I agree that several of plaintiff's disciplinary sanctions do not implicate a protected liberty interest, including the partial loss of dayroom time, the temporary loss of tablet privileges, a one-day loss of recreation time, and an isolated fifteen-minute lockdown. *See* Defs.' Response at 10.

Disciplinary segregation, however, is another matter. The record reflects that during a period of four months, plaintiff was placed in disciplinary segregation for approximately forty-four days, at least twenty-nine of which were consecutive, for violating jail rules and disobeying orders. *See* Defs.' Response at 9-10; Gainer Decl. Ex. 3 at 2-4, 6, 8, 10-11, 14, 17, 21, 32-34, 36, 39, 42.[2] During this time, plaintiff apparently could leave his cell for only thirty minutes per day. Gainer Decl. ¶ 10 (inmates serving a disciplinary sanction are permitted to leave their cell for thirty minutes per day). Under *Mitchell*, a pretrial detainee's confinement in disciplinary segregation implicates a protected liberty interest, and defendants fail to overcome the

---

[2]  The exhibits to the Gainer Declaration include incident reports and disciplinary sanctions that are not reflected in defendants' Response. *Compare* Defs.' Response at 9-10 *with* Gainer Decl. Ex. 3 at 33-42.

presumption that disciplinary segregation constitutes more than a "de minimis" imposition. *See Kirk v. Boyles*, 2010 WL 2720886, at *2 (E.D. Cal. July 8, 2010) (noting that the defendant "cited no authority holding that three days of disciplinary confinement for a pretrial detainee is 'a *de minimis* level of imposition'"). Thus, the imposition of disciplinary segregation as a sanction for plaintiff's rule violations implicated a protected liberty interest.

The next question is whether plaintiff received the process he was due. "The elements of due process in a prison disciplinary hearing have long been established" by the Supreme Court's decision in *Wolff v. McDonnell,* 418 U.S. 539 (1974). *Mitchell*, 75 F.3d at 525. These elements include: 1) advance notice of the charges and evidence; 2) an opportunity to present documentary evidence and witnesses; 3) legal assistance if the charges are complex or the inmate is illiterate; and 4) a written statement describing the reasons for the disciplinary action." *Wolff*, 418 U.S. at 563, 565-66, 570. [3]

It is undisputed that plaintiff did not receive a hearing comporting with *Wolff*'s requirements before he was sanctioned with disciplinary segregation. Instead, defendants maintain that plaintiff had the opportunity to appeal any disciplinary sanction per the Lincoln County Jail Handbook. *See* Gainer Decl. Ex. 5 at 2; Defs.' Response at 10. An after-the-fact appeal process does not comply with the procedural protections afforded pretrial detainees who are sanctioned with disciplinary segregation.

Defendants also emphasize that plaintiff is a problem inmate who continually defies orders, violates jail rules, and threatens jail staff and other inmates. Gainer Decl. Exs. 3-4. As an example, defendants point out that plaintiff must be administratively separated from nine other

---

[3] An inmate's right to call witnesses is subject to "institutional safety and correctional concerns" and may be satisfied by other means. *Mitchell*, 75 F.3d at 525; *see also Wolff*, 418 U.S. at 566.

individuals for the security of the facility. *Id.* ¶ 5. Plaintiff may be a disruptive and volatile inmate, but his behavioral issues do not excuse or permit the violation of his due process rights.

Moreover, complying with due process requirements does not mean that plaintiff is "free to violate jail rules with impunity" or that defendants cannot implement housing and classification decisions for purposes of institutional security. *Mitchell*, 75 F.3d at 524; *see also Bell*, 441 U.S. at 546. As the Supreme Court has recognized, absent "an expressed intent to punish," a pretrial detainee may be subjected to conditions and restrictions that are "reasonably related to a legitimate government objective" and do not appear "excessive in relation to the alternative purpose." *Bell*, 441 U.S. at 538-39. The constitutional protections afforded plaintiff simply ensure that he is not deprived "of the liberty interest in not being punished without due process." *Mitchell*, 75 F.3d at 524.

In sum, the record reflects that plaintiff was placed in disciplinary segregation as punishment for multiple rule violations without receiving the required notice and hearing. At minimum, plaintiff raises serious questions going to the merits of his due process claim.

The record also shows the likelihood of irreparable injury, because the policy of Lincoln County Jail authorizes the imposition of disciplinary segregation without a hearing. According to the Lincoln County Jail Handbook, an inmate sanctioned with disciplinary segregation is entitled to a due process hearing only when the sanction exceeds ten days "per count" or violation. Gainer Decl. Ex. 5 at 3. The Handbook does not distinguish between pretrial detainees and sentenced inmates and therefore allows pretrial detainees to be "punished" through disciplinary segregation without the procedural protections of *Wolff*. Given the jail's policy and plaintiff's disciplinary history, it is likely he will be sanctioned with disciplinary segregation without notice and hearing. *See Barnett v. Lincoln Cty. Jail*, Case No. 6:21-cv-01269-MC (alleging the

imposition of additional punitive "lockdowns" without hearing). For the same reasons, I find that the balance of equities weighs in plaintiff's favor and preliminary injunctive relief is in the public interest.

Plaintiff requests an order releasing him from "unconstitutional confinement." Pl.'s Mot. for Prelim. Inj. at 3. It is unclear whether plaintiff seeks his release from the Lincoln County Jail altogether or from disciplinary segregation within the facility. If the former, plaintiff's request is an inappropriate and unauthorized remedy. If the latter, plaintiff has established his entitlement to release from any current disciplinary segregation imposed without notice and hearing. Given Lincoln County's policy regarding disciplinary hearings, the record also supports issuance of an order enjoining Lincoln County and its officers, employees, and agents from sanctioning plaintiff with disciplinary segregation unless he first receives a due process hearing.[4] *Los Angeles Cty. v. Humphries*, 562 U.S. 29, 34, 39 (2010) (holding that the "policy or custom" requirement for municipal liability applies to claims for prospective injunctive relief); *Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 694 (1978) (holding that a plaintiff suing a municipal entity under § 1983 must show that the alleged injury was caused by a municipal policy or custom).

CONCLUSION

For the reasons explained above, plaintiff's Motion for Preliminary Injunction (ECF No. 15) is GRANTED, in part, and plaintiff's Motion for TRO/PI (ECF No. 13) is DENIED.

Pursuant to Fed. R. Civ. P. 65(d), Lincoln County and its officers, employees, and agents are RESTRAINED and ENJOINED from holding or placing plaintiff in disciplinary segregation

---

[4] Defendants assert that Lincoln County was not mentioned in the Court's previous Orders and is not a proper defendant. While the Court did not explicitly recognize a potential claim of municipal liability arising from the alleged violation of plaintiff's due process rights, a Request for Waiver of Service of Summons was issued for Lincoln County and it waived service and appeared in this action. (ECF Nos. 11, 14).

as a sanction for violating jail rules without prior notice and the opportunity for hearing. No security shall be required to support issuance of this order pursuant to Fed. R. Civ. P. 65(c).

Plaintiff's Motion for Default (ECF No. 28) is DENIED, as defendants have appeared and answered plaintiff's claims. Plaintiff's renewed Motion for Appointment of Counsel (ECF No. 27) is DENIED for the reasons explained in the Court's previous orders. Counsel will be appointed if the case proceeds to trial or settlement.

IT IS SO ORDERED.

DATED this 15th day of February, 2022.

s/ Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge